[No. 22462. *En Banc.* May 29, 1930.]

H. M. JONES, *Appellant,* v. THE CITY OF CENTRALIA, *et al., Respondents.*[1]

*Cleland & Clifford* and *C. D. Cunningham,* for appellant.

*J. H. Jahnke* and *Preston, Thorgrimson & Turner,* for respondents.

BEALS, J.—This is a companion case to that of *Jones v. Centralia, ante* p. 194, 289 Pac. 3, and reference

[1]Reported in 289 Pac. 14.

is made to the opinion in that case for a complete statement of the facts which are the basis of this litigation. This action was commenced for the purpose of obtaining a decree adjudging that ordinance No. 662, of defendant city of Centralia, "and all acts and things done thereunder or in furtherance thereof are declared to be null and void and of no force and effect whatever," the ordinance referred to being that declaring a budget emergency referred to in the case of *Jones v. Centralia, supra.*

The defendants having answered denying the material allegations of plaintiff's complaint, and affirmatively alleging the pendency of the suit of *Jones v. Centralia, supra,* and that "all the relief to which the plaintiff may be entitled in this action may be obtained by him in cause No. 13312" (the other suit above referred to), and concluding with the prayer that the case at bar be dismissed, or that it be consolidated for trial with cause No. 13312, the court, just prior to the commencement of the trial of the other suit instituted by plaintiff, entered judgment dismissing this action for the reason, as stated in the judgment, that the court was satisfied, from an examination of the pleadings in the two cases, that the issues involved in this action were also involved in cause No. 13312, and that a determination of the issues in that action would necessarily be determinative of the issues in the case at bar, all the parties to this action being also parties to the cause above referred to.

From this judgment of dismissal plaintiff appeals. ■ While the trial court could, with greater propriety, have entered an order consolidating the two actions instead of dismissing the cause now before us, we are of the opinion that, in holding that the issues in this cause would necessarily be determined by judgment in the other cause, the trial court was cor-

rect, and we are unable to find that any prejudice whatever resulted to appellant from the entry of the judgment appealed from, and the judgment is accordingly affirmed.

MITCHELL, C. J., TOLMAN, MAIN, MILLARD, FRENCH, PARKER, and HOLCOMB, JJ., concur.